UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERARDO GUTIERREZ, | § § § | |
| Petitioner | § § | |
| v. | § § | Civil Action |
| | § | No. SA-12-CA-61-OG |
| RICK THALER, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division Director, | § § | |
| Respondent | § | |

**SHOW CAUSE ORDER**

Petitioner Gerardo Gutierrez has filed a 28 U.S.C. § 2254 petition challenging his custody pursuant to a conviction and life sentence for murder in cause number 2009-CR-4590 in the 399th District Court of Bexar County. Although Petitioner states he served Respondent with a summons, Respondent is not required to answer the petition unless ordered to do so. Rules Governing Section 2254 Cases in the United States District Courts, Rule 5(a). Because it appears the petition should be dismissed as unexhausted, this Court does not require an answer or response to the petition at this time.

Petitioner's conviction was affirmed on appeal. *Gutierrez v. State*, No. 04-09-674-CR (Tex. App. — San Antonio 2010). Petitioner filed a petition for discretionary review (PDR). *Gutierrez v. State*, PDR No. 1602-10. Petitioner states he missed the deadline and the pro se PDR was refused on February 2, 2011. However, public records on the Texas Court of Criminal Appeals website show his PDR was struck for non-compliance with appellate rules on December 15, 2010, but he was given thirty days in which to file a redrawn PDR. *Gutierrez v. State*, PDR No. 1602-10 (Tex. Crim. App. December 15, 2010). Petitioner filed a PDR on January 7, 2011, and it was refused on

February 2, 2011.  *Gutierrez v. State*, PDR No. 1602-10 (Tex. Crim. App. February 2, 2011).

In the § 2254 petition, Petitioner contends the prosecutor commented on Petitioner's failure to testify.  He also claims he received ineffective assistance of counsel when trial counsel failed to preserve error regarding the prosecutor's comment on Petitioner's failure to testify, thereby depriving Petitioner of the opportunity to have the trial court declare a mistrial.  Petitioner further contends he received ineffective assistance when appellate counsel failed to assert on appeal the violation of Petitioner's rights and ineffective assistance of trial counsel.  Petitioner also claims the evidence was insufficient.

This Court may sua sponte raise an issue about exhaustion of state remedies.  *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998).  There are potential adverse consequences for Petitioner if his petition includes unexhausted claims.  Petitioner's § 2254 petition would be dismissed if it contains unexhausted claims and if state court remedies are still available.  *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).  There is a statute of limitations for filing § 2254 petitions.  28 U.S.C. § 2244(d); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).  A prior federal habeas corpus petition would not toll the limitations period.  *Duncan v. Walker*, 533 U.S. 167, 182 (2001).  Because of possible consequences if some of Petitioner's claims are unexhausted, it is appropriate for the exhaustion issue to be raised by this Court sua sponte at this point, when the presence of unexhausted claims is apparent, rather than waiting for the exhaustion issue to arise at some time in the future.

It appears Petitioner has not exhausted his claims.  Section 2254(b) states "a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  To exhaust state remedies in Texas, a petitioner must present

his claim to the Texas Court of Criminal Appeals by a petition for discretionary review in the course of a direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985).

Petitioner appealed his conviction and filed a PDR. Petitioner states, and the opinion of the Fourth Court of Appeals shows, he raised one issue on appeal – insufficiency of the evidence. If that was also the only issue Petitioner raised in his PDR, his other claims would not have been exhausted by the PDR. If Petitioner also raised the other claims in his PDR, they would still not have been exhausted by the PDR. A petitioner must give the state courts a fair opportunity to review his claims, which must be in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). When a claim is raised in state court in a procedurally incorrect manner, the petitioner has not afforded state courts a fair opportunity to address his claims and thus has not satisfied the exhaustion requirement. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988). The Court of Criminal Appeals does not entertain claims raised for the first time in a petition for discretionary review. *Ex parte Queen*, 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994); *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989). Therefore, issues not presented to the intermediate court of appeals are not properly presented to the Texas Court of Criminal Appeals in a petition for discretionary review and thus do not satisfy the exhaustion requirement for such claims. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir.1990). Consequently, whether Petitioner raised only his insufficient evidence claim in his PDR or whether he raised all of his claims in his PDR, after only raising the insufficient evidence claim in the Court of Appeals, Petitioner's claims, other than his sufficiency of evidence claim, were not exhausted by his PDR.

Petitioner does not state whether he filed a state habeas corpus application pursuant to Tex. Code Crim. Proc. art. 11.07.  However, the Court of Criminal Appeals website and the trial court docket sheet attached to the § 2254 petition show he has not filed a state habeas corpus application. Because a state habeas corpus application is a state court remedy available to Petitioner, it appears that Petitioner's § 2254 petition, which includes unexhausted claims, should be dismissed. *Alexander v. Johnson*, 163 F.3d at 908.

**Petitioner is directed to show cause within twenty-one (21) days why his § 2254 petition should not be dismissed for failure to exhaust his State remedies.**

**It is so ORDERED.**

**SIGNED** on February 24, 2012.

*[signature: Nancy Stein Nowak]*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE